Jamie SELTZ, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.

No. 07–35570.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 3, 2008.

Jacki Jura, Esquire, Jacki Jura, L.L.M., Kihei, HI, Jeffrey H. Baird, Law Office of Jeffrey H. Baird, Seattle, WA, for Plaintiff–Appellant.

Brian Kipnis, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Nancy Albert Mishalanie, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Plaintiff Jamie Seltz appeals the district court's order affirming the Social Security Commissioner's final decision to deny Seltz benefits. We have jurisdiction under 28 U.S.C. § 1291.

The ALJ did not abuse her discretion in not fully crediting Seltz's testimony. Because Seltz produced objective evidence of myasthenia gravis, a disease that can reasonably produce symptoms of fatigue, the ALJ must provide clear and convincing reasons for rejecting Seltz's testimony related to fatigue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159–60 (9th Cir.2008). The ALJ provided

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

three reasons for rejecting Seltz's testimony: (1) the testimony was not supported by the objective medical evidence; (2) the testimony was inconsistent with the medical care she sought and was provided; and (3) the testimony concerning drug use conflicted with Seltz's statements to her doctors. These reasons are clear and convincing and supported by substantial evidence.

■ The ALJ did not err in concluding that Seltz could perform light work. Because the ALJ adopted a medical opinion that conflicted with the opinion of Seltz's treating physicians, she must give "specific, legitimate reasons for disregarding [those] opinions...." *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.2004). Here, the ALJ gave several reasons for rejecting the opinions of Dr. Johnson, Dr. Yon, Dr. Zimmerman, and Dr. Meinz. The ALJ concluded that these opinions were: (1) based on Seltz's not credible subjective complaints; (2) not supported by objective medical evidence; or (3) outside the field of the physician's area of expertise. These reasons are specific and legitimate and supported by substantial evidence.

■ The Appeals Council did not err in concluding that a physician's assistant's belated opinion provided no basis for changing the ALJ's opinion. This opinion suffers from the same defects as the physician's opinions; it conflicts with his medical findings and offers no objective support for its conclusion. Also, a physician's assistant's opinion, unlike the opinion of a licensed physician, is not "an acceptable medical source" for establishing a medically determinable impairment. 20 C.F.R. § 404.1513.

■ The ALJ sufficiently developed the record. "The ALJ's duty to supplement a

claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate, or the ALJ's reliance on an expert conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir.2005). The medical evidence was not ambiguous, as there was evidence that Seltz had normal use of her hands and exhibited no symptoms of disabling limitations. The ALJ therefore properly found that the record was adequate to determine that Seltz was not disabled.

**AFFIRMED.**